UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JUAN BOU,

                                              Plaintiff,      **ANSWER**

                   -against-                                  **07 CV 6691 (JSR)(MHD)**

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, AND POLICE OFFICER
WHITEMAN OF THE PS 8 COMMAND,      **Jury Trial Demanded**

                                              Defendants.

-----------------------------------------------------------------X

       Defendants City of New York and the New York City Police Department, as for an answer to the complaint, respectfully allege, upon information and belief, as follows[1]:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] Upon information and belief, the individual sued herein as "Police Officer Whiteman of the PS 8 Command" has not been served and, thus, is not a party to this action.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York maintains a police department, and respectfully refers the Court to the New York City Administrative Charter for a recitation of the relationship between the City of New York and the New York City Police Department.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, including all of its subparts, except admit a document purporting to be a Notice of Claim was received by the Comptroller for the City of New York.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit a document purporting to be a Notice of Claim was received by the Comptroller for the City of New York.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit a document purporting to be a Notice of Claim was received by the Comptroller for the City of New York.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the

       Comptroller for the City of New York and that no payment has been made by the City of New York..

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff filed the complaint in this matter on or about July 25, 2007.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-19, inclusive of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-23, inclusive of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-26, inclusive of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-30, inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-33, inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-37, inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-39, inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1-41, inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. Defendant have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50.     Plaintiff may not have satisfied all the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51.     There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52.     Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

53.     The New York City Police Department is not a suable entity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54.     Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

**WHEREFORE**, defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 28, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                  City of New York
                              *Attorney for Defendants City of New York and the New York City Police Department*
                              100 Church Street, Rm. 3-148
                              New York, New York 10007
                              (212) 788-1277

By:                     _____/s/_____
                              JOYCE CAMPBELL PRIVETERRE (JCP 1846)
                              Assistant Corporation Counsel

TO:

Howard D. Simmons, Esq. (HS 9034)
Attorney for Plaintiff
217 Broadway, Suite 603
New York, New York 10007
Tel: (212) 233-1486

Index No. **07 CV 6691 (JSR)(MHD)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN BOU,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND POLICE OFFICER WHITEMAN OF THE PS 8 COMMAND,

                          Defendants.

## ANSWER

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for the City of New York and the New York City Police Department*
*100 Church Street, Room 3-148*
*New York, N.Y. 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277*
*NYCLIS No.*

Due and timely service is hereby Admitted.
New York, N.Y. *Oct 1*, 2007

                         , Esq.
Attorney for City & NYPD