UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JUAN BOU,

                                                   Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, AND POLICE OFFICER
WHITEMAN OF THE PS 8 COMMAND,

                                                   Defendant.

------------------------------------------------------------X

**ANSWER BY**
**DEFENDANT WHITEMAN**

07 CV 6691 (JSR)(MHD)

**Jury Trial Demanded**

       Defendant Joseph Whiteman[1], by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as for his answer to the complaint, respectfully alleges, as follows[2]:

    1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

    2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

    4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] Sued herein as "Police Officer Whiteman."

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York is a municipal corporation.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York maintains a police department, and respectfully refers the Court to the New York City Administrative Charter for a recitation of the relationship between the City of New York and the New York City Police Department.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, including all of its subparts, except admits a document purporting to be a Notice of Claim was received by the Comptroller for the City of New York.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits a document purporting to be a Notice of Claim was received by the Comptroller for the City of New York.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits a document purporting to be a Notice of Claim was received by the Comptroller for the City of New York.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the

---

[2] Defendant City of New York and The New York City Police Department filed their Answer on September 28, 2007.

    Comptroller for the City of New York and that no payment has been made by the City of New York.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff filed the complaint in this matter on or about July 25, 2007.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeatss and realleges the responses set forth in paragraphs 1-19, inclusive of this answer, as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1-23, inclusive of this answer, as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1-26, inclusive of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1-30, inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1-33, inclusive of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1-37, inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1-39, inclusive of this answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1-41, inclusive of this answer, as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant Whiteman.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. Joseph Whiteman is entitled to qualified immunity from suit as he did not violate any clearly established constitutional or statutory right of which a reasonable person would have known.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. Plaintiff may not have satisfied all the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

**WHEREFORE**, defendant Joseph Whiteman requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 15, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        *Attorney for Defendants City, NYPD & Whiteman*
                        100 Church Street, Rm. 3-148
                        New York, New York 10007
                        (212) 788-1277

By: _____
      JOYCE CAMPBELL PRIVETERRE (JCP 1846)
      Assistant Corporation Counsel

TO:

Howard D. Simmons, Esq. (HS 9034)
Attorney for Plaintiff
217 Broadway, Suite 603
New York, New York 10007
Tel: (212) 233-1486

Index No. **07 CV 6691 (JSR)(MHD)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN BOU,

          Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND POLICE OFFICER WHITEMAN OF THE PS 8 COMMAND,

          Defendant.

## ANSWER BY DEFENDANT WHITEMAN

### *MICHAEL A. CARDOZO*

Corporation Counsel of the City of New York
*Attorney for Defendants City, NYPD & Whiteman*
*100 Church Street, Room 3-148*
*New York, N.Y. 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277*
*NYCLIS No.*

Due and timely service is hereby Admitted.
New York, N.Y

Attorney for Defendants City, NYPD & Whiteman